Steve Hoffman (SBN 237466)
Law Office of Steve Hoffman, APC
1350 Columbia Street, Suite 401
San Diego, CA  92101
Telephone:  619-677-3015
Facsimile:   888-320-9384
shoffmanlaw@gmail.com

Attorneys for Plaintiffs Rachel Quintanar and Reynaldo Quintanar

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL QUINTANAR, REYNALDO QUINTANAR, <br><br>　　　　　Plaintiffs, <br>　vs. <br><br>COUNTY OF SAN DIEGO, a government entity; DEPUTY PETER VANDER HORN, an individual; DEPUTY CAYLEEN MCGRAW, an individual; SHERIFF'S DEPUTY NO. 3, an individual; SHERIFF'S DEPUTY NO. 4, an individual; SHERIFF'S DEPUTY NO. 5, an individual; and DOES 1 to 20, inclusive, <br><br>　　　　　Defendants | NO. 24-cv-01286-CAB-DEB <br><br>**SECOND AMENDED COMPLAINT** <br><br>**1. 42 U.S.C. § 1983 - Violation of Civil Rights** <br>**2. 42 U.S.C. § 1983 - Unreasonable Force** <br>**3. California Civ. Code§ 52.1- Bane Act** <br>**4. False Imprisonment** <br>**5. Negligence** <br>**6. Battery** |

## PARTIES, JURISDICTION, AND VENUE

1.　Plaintiffs Rachel and Reynaldo Quintanar ("Plaintiffs") are and, all times relevant to this Complaint, were residents of La Mesa, in San Diego County, California. Reynaldo Quintanar is Rachel Quintanar's father.

2. Defendant County of San Diego is and, at all times relevant to this Complaint, was a municipal corporation operating in San Diego County, California, and operating the San Diego County Sheriff's Department and employing the individual defendant officers, who were acting within the scope of their employment.

3. Defendant Sheriff's Deputy Vander Horn is and, at all times relevant to this Complaint, was acting in the course and scope of his employment by Defendant County of San Diego.

4. Defendant Sheriff's Deputy McGraw is and, at all times relevant to this Complaint, was acting in the course and scope of her employment by Defendant County of San Diego.

5. Defendant Sheriff's Deputy No. 3 is and, at all times relevant to this Complaint, was acting in the course and scope of her employment by Defendant County of San Diego.

6. Defendant Sheriff's Deputy No. 4 is and, at all times relevant to this Complaint, was acting in the course and scope of his employment by Defendant County of San Diego.

7. Defendant Sheriff's Deputy No. 5 is and, at all times relevant to this Complaint, was acting in the course and scope of his employment by Defendant County of San Diego.

8. The events giving rise to this Complaint occurred in the County of San Diego and within this judicial district.

9. At all times relevant to this complaint, Defendants DOES 1 through 20 were Sheriff's Deputies and agents of Defendant County of San Diego. At all times relevant hereto, these DOE defendants were acting in their professional capacity as Sheriff's Deputies and within the scope of their employment, and under color of law.

10. The true names of Defendants Sheriff's Deputies Nos. 1 through 5, inclusive, are unknown to Plaintiffs at this time. Plaintiffs will amend this Complaint once their identities have been ascertained.

11. The true names and capacities of DOES 1 through 20, inclusive, and the facts giving rise to their liability are unknown to Plaintiff at this time. Plaintiff will amend this Complaint once their identities have been ascertained as well as the facts giving rise to their liability.

12. Plaintiffs are informed and believe and, thereon allege, that each of the DOE Defendants is responsible in some manner, either by act or omission, strict liability, negligence or otherwise, for the occurrences herein alleged, and that Plaintiffs' harm was legally caused by conduct of the DOE Defendants.

13. Plaintiffs timely filed claims for damages, pursuant to Government Code § 910, with Defendant County of San Diego. Defendant County of San Diego never responded to either claim.

14. On August 20, 2024, Plaintiffs filed amended claims for damages, pursuant to Government Code § 910, with Defendant County of San Diego.

**FACTS**

15. On August 19, 2023, Defendant County of San Diego by and through its agents, Defendants Sheriff's Deputies Nos. 1 through 5 identified in the caption, above (and the DOE Defendants), burst without announcement and without probable cause into Plaintiffs' house, assaulted and beat Plaintiffs in violation of their rights under the Fourth Amendment of the United States Constitution and California law. Plaintiffs were arrested without probable cause, transported, detained, and booked, and held, all without probable cause, without charges ever being filed against anyone.

16. Defendant Deputies Nos. 1 through 5 (and the DOE Defendants) received a 9-1-1 call for a disturbance at the home shared by Rachel Quintanar,

her fiancé Coy Tully, and her father Reynaldo Quintanar. Defendant Deputies Nos. 1 through 5 arrived at the house and, without knocking or announcing their arrival, Deputy Vander Horn burst through the front door. Deputy Vander Horn yelled at Rachel, telling her to "shut the fuck up or I'll punch you in the face." Without missing a beat or further warning, Deputy Vander Horn punched Rachel right in the face, breaking her nose. Without fully realizing what was going on – and seeing his daughter punched square in the face in her own home –Reynaldo, age 62, moved toward his daughter. Seeing this, Deputy Vander Horn rushed toward Reynaldo and repeatedly punched and kneed Reynaldo in the stomach and face, put him in a should lock and broke Reynaldo's elbow, before throwing him to ground.

17. While Defendant Vander Horn was beating Reynaldo, Deputy McGraw tackled Rachel, followed by Deputies Nos. 3 through 5. Deputy Vander Horn lied to the scrum of deputies holding Rachel down, telling them that Rachel had reached for his gun. The truth is that Rachel never reached for Deputy Vander Horn's gun (or any gun). In response, one or more of the Deputies repeatedly tased Rachel in the stomach, legs, and back, causing her additional injury beyond the broken nose she had already sustained.

18. Deputy Vander Horn knew he had broken Reynaldo's elbow because he requested an ambulance and said that Reynaldo's arm was broken. Reynaldo, in extreme pain and having difficulty breathing, lying on the ground with his broken elbow, pleaded with the Deputies to be permitted to sit. The Deputies refused and minutes passed until the Deputies were ready to transport Reynaldo to the hospital. Again, in extreme pain, Reynaldo begged the Deputies not to lift him by his arm because Deputy Vander Horn had broken it. To no effect: the Defendant Deputies lifted Reynaldo from the ground using his broken arm to lift him and exacerbating Reynaldo's injuries. Reynaldo was thereafter transported to

the hospital and then to jail where he remained until he was able to post bail. He was never charged as a result of the incident described in this Complaint.

19. Rachel was placed in a vehicle and transported to Alvarado Hospital, where she told the Deputies and staff that she suffered from anxiety, was in severe pain and could not breathe from the beating, and that she needed medical attention. The Defendant Deputy who transported Rachel to Alvarado Hospital told the hospital staff to ignore Rachel because he said she was drunk. He and staff laughed about it. When Rachel did not immediately comply with the Defendant Deputy's demand that she move, the Deputy threatened her with additional charges. After Rachel's blood pressure was taken, the Defendant Deputy told staff at the hospital that, if Rachel needed additional medical care, the jail would provide it. Rachel was terrified and feared for her life because of the force and constant threats she had been subjected to and, eventually, a female officer arrived and transported her to jail. Rachel had obvious swelling on her face, injury marks on my body, and swelling at her wrist. Defendant County of San Diego refused to provide medical care to Rachel, even after a staff member at the jail said she had noticed swelling on Rachel's arm and thought that Rachel's wrist looked broken. Rachel remained in jail until the next day, when she posted bail. And like her father, charges were never filed against her.

20. After Rachel and Reynaldo posted bail and were released from custody, Rachel drove herself and her father, Reynaldo, to Sharp Hospital for an evaluation where Rachel was diagnosed with a fractured nose and a sprained wrist.

21. Defendant Deputy Nos. 1 through 5 inflicted significant injuries on Rachel and Reynaldo. Defendants broke Rachel's nose and sprained her wrist. Rachel also sustained bruising and other injuries during Defendant's battery of her, including injuries related to being tased by Deputies 2-5. Defendants broke

Reynaldo's elbow, an injury that has interfered with Reynaldo's ability to earn a living. In addition to the physical injuries, both Reynaldo and Rachel are now afraid of law enforcement. Rachel has flashbacks of the incident (including the punch to the face) that has greatly affected her mental health, including panic attacks resulting in the prescription of anxiety medications.

22. As noted above, criminal charges were never filed against either Plaintiff Rachel Quintanar or Plaintiff Reynaldo Quintanar as a result of the incident described in this Complaint.

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983 - Violation of Civil Rights
## Fourth Amendment (Unlawful Seizure / Search)
## Plaintiffs Against Deputies Vander Horn and McGraw

23. Plaintiffs re-allege all prior paragraphs of this Complaint and incorporate the same herein by this reference.

24. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege, or immunity secured to them by the Fourth Amendment to the United States Constitution.

25. 42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

26. Plaintiffs had firmly established rights under the Fourth Amendment to be free from unreasonable searches and seizures.

27. The unlawful seizure, detention, and prolonged detention of Plaintiffs by the Defendant Deputies Vander Horn and McGraw were without lawful basis,

reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Plaintiffs' Fourth Amendment rights.

28. The unlawful searches of Plaintiffs upon their arrest, and separately upon being jailed, were without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Plaintiffs' Fourth Amendment rights.

29. Plaintiffs suffered economic and non-economic damages, including, but not limited to broken bones, bruising, burns, emotional distress, and pain and suffering as a result of Defendants' acts complained of herein, in an amount to be proven at trial but exceeding the jurisdictional minimum of this Court.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 - Unreasonable Force

### Plaintiffs Against Deputies Vander Horn and McGraw

30. Plaintiffs re-allege all prior paragraphs of this Complaint and incorporate the same herein by this reference.

31. Plaintiffs had firmly established rights under the Fourth Amendment to be free from unreasonable and excessive force.

32. Defendant Deputies Vander Horn and McGraw, acting on behalf of Defendant San Diego County, willfully used unreasonable force against Plaintiffs.

33. Plaintiffs suffered economic and non-economic damages, including, but not limited to broken bones, bruising, burns, emotional distress, and pain and suffering as a result of Defendants' acts complained of herein, in an amount to be proven at trial but exceeding the jurisdictional minimum of this Court.

# THIRD CAUSE OF ACTION
## California Civ. Code § 52.1- Bane Act
## Plaintiff Against All Defendants

34. Plaintiffs re-allege all prior paragraphs of this Complaint and incorporate the same herein by this reference.

35. Plaintiffs had a firmly established right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and Article I, section 7 of the California Constitution, as well as the right to be free of physical restraints and to be free of assault and battery.

36. The Defendant Sheriff's Deputies, acting on behalf of Defendant San Diego County, intentionally interfered with Plaintiffs' civil rights in violation of Section 52.1 by violence, threats of violence, and coercion through physical intimidation by perpetrating the above acts.

37. Plaintiffs suffered economic and non-economic damages, including, but not limited to broken bones, bruising, burns, emotional distress, and pain and suffering as a result of Defendants' acts complained of herein, in an amount to be proven at trial but exceeding the jurisdictional minimum of this Court.

38. Defendants' conduct constitutes oppression, fraud, or malice within the meaning of Civil Code §§ 3294 et seq. and punitive damages should be assessed against Defendants.

39. Defendant San Diego County is liable pursuant to California Government Code § 815.2.

## FOURTH CAUSE OF ACTION
## False Imprisonment – Plaintiffs Against All Defendants

40. Plaintiffs re-allege all prior paragraphs of this Complaint and incorporate the same herein by this reference.

41. The Defendant Sheriff's Deputies, acting on behalf of Defendant San Diego County, intentionally deprived Plaintiffs of their freedom as set forth above.

42. Plaintiffs did not voluntarily consent to the deprivation. Plaintiffs were detained, arrested, and jailed without a warrant and without probable cause. Plaintiffs suffered economic and non-economic damages, including, but not limited to broken bones, bruising, burns, emotional distress, and pain and suffering as a result of Defendants' acts complained of herein, in an amount to be proven at trial but exceeding the jurisdictional minimum of this Court.

43. Defendants' conduct in detaining Plaintiffs was a substantial factor in causing Plaintiffs' harm.

44. Defendants' conduct constitutes oppression, fraud, or malice within the meaning of Civil Code §§ 3294 et seq. and punitive damages should be assessed against Defendants.

45. Defendant San Diego County is liable pursuant to California Government Code § 815.2.

## FIFTH CAUSE OF ACTION

## Negligence – Plaintiffs Against All Defendants

46. Plaintiffs re-allege all prior paragraphs of this Complaint and incorporate the same herein by this reference.

47. The Defendant Sheriff's Deputies, acting on behalf of Defendant San Diego County, had a duty to Plaintiffs to act with ordinary care so as not to cause harm or injury to them.

48. By engaging in the acts alleged herein, including entering Plaintiffs' home without a warrant, consent or justification, using excessive force, and picking Plaintiff Reynaldo up by his arms after his arm was broken, Defendants failed to act with ordinary care and breached their duty of care owed to Plaintiffs.

49. Defendant San Diego County failed to act with ordinary care in failing to properly train and supervise its officers with respect to the constitutional and statutory rights of citizens.

50. As a direct, proximate and foreseeable result of Defendants' breach of their duty of care, Plaintiffs suffered damages, including but not limited to broken bones, bruising, burns, emotional distress, and pain and suffering as a result of Defendants' acts complained of herein, in an amount to be proven at trial but exceeding the jurisdictional minimum of this Court.

51. Defendant San Diego County is liable pursuant to California Government Code § 815.2.

## SEVENTH CAUSE OF ACTION

### Battery - Plaintiffs Against All Defendants

52. Plaintiffs re-allege all prior paragraphs of this Complaint and incorporate the same herein by this reference.

53. Defendant Deputies touched Plaintiffs in a harmful or offensive manner.

54. In so doing, and as alleged herein, Defendants acted under color of law, within the course and scope of employment and agency.

55. As a direct, proximate and foreseeable result of Defendants' acts, Plaintiffs suffered damages, including but not limited to broken bones, bruising, burns, emotional distress, and pain and suffering as a result of Defendants' acts complained of herein, in an amount to be proven at trial but exceeding the jurisdictional minimum of this Court.

56. Defendant San Diego County is liable pursuant to California Government Code § 815.2.

/ / /

/ / /

## REQUEST FOR RELIEF

THEREFORE, Plaintiffs requests a judgment against Defendants County of San Diego, Sheriff's Deputy Vander Horn, Sheriff's Deputy McGraw, Sheriff's Deputy No. 3, Sheriff's Deputy No. 4, Sheriff's Deputy No. 5, and Does 1-20 as follows:

a. Entering judgment for compensatory general and special damages in an amount in accordance with proof;

b. Entering judgment for exemplary damages against Deputy Defendants in an amount sufficient to punish and to make an example of said Defendants, and to deter said Defendants and others from engaging in similar conduct;

c. Awarding reasonable attorneys' fees, expenses, and costs of suit; and

d. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.

DATED: May 19, 2025

LAW OFFICE OF
STEVE HOFFMAN, APC

s/Steve Hoffman
Attorney for Plaintiffs
Email: shoffmanlaw@gmail.com